UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MICHAEL D. MORSHED,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>COUNTY OF LAKE, CALIFORNIA,<br><br>　　　　　Defendants. | Case No. 13-cv-00521-YGR (NJV)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL; ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. Nos. 41, 42 |

Plaintiff's motion to compel further responses to his discovery requests came on for hearing on March 11, 2014. The parties did not argue Plaintiff's motion for attorney's fees; the court took the motion for attorney's fees under submission without oral argument pursuant to N.D. L.R. 7-1(b). The court ruled from the bench on the majority of Plaintiff's discovery requests; it summarizes those oral rulings below and rules on those matters it took under submission as follows:

**A.  Timeliness of Motion to Compel.**

Plaintiff timely filed his original joint discovery letter brief in accordance with the district court's standing orders. *See* Doc. No. 38. Plaintiff did not realize that the district court had referred the matter to the undersigned and thus did not comply with the undersigned's standing orders, which do not authorize parties to proceed by joint discovery letter brief. The undersigned therefore terminated the joint motion and ordered Plaintiff to file a motion that complied with his orders. Doc. No. 39. Plaintiff eventually filed such a motion. *See* Doc. No. 41. Although the court agrees that Plaintiff's present motion technically was filed after the applicable deadline, the undersigned finds that the error was inadvertent and excusable, and that preventing Plaintiff from

1  proceeding under these circumstances would be unfair.  Accordingly, the court will address the
2  substantive merits of Plaintiff's motion to compel.

**B. Requests for Production of Documents ("RFPD").**

RFPD No. 1: granted in part; Defendant shall produce any documents responsive to this request, but only for the years 2000 through 2010.

RFPD No. 2: the request is mooted by the court's order on RFPD No. 1.

RFPD No. 3: the request is mooted by the court's order on RFPD No. 1.

RFPD No. 4: the request is mooted by the court's order on RFPD No. 1.

RFPD No. 5: granted in part; to the extent any documents responsive to this RFPD exist but have not already been produced (either as part of Defendant's initial disclosures or in their further response to RFPD No. 1), Defendant shall produce copies of any policies regarding harassment that were applicable for the years 2000 through 2010.

RFPD No. 7: as worded, the request is vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The request accordingly is denied, except with respect to the personnel files of the individuals Plaintiff provides to defense counsel in connection with RFPD No. 49.

RFPD No. 8: as worded, the request is vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The request accordingly is denied, except with respect to the personnel files of the individuals Plaintiff provides to defense counsel in connection with RFPD No. 49.

RFPD No. 9: denied.

RFPD No. 11: denied.

RFPD No. 12: as worded, the request is vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The request accordingly is denied, except with respect to the personnel files of the individuals Plaintiff provides to defense counsel in connection with RFPD No. 49.

RFPD No. 17: granted in part; Defendant shall review personnel policies for responsive documents and produce any responsive documents to Plaintiff; Defendant shall produce the

announcement for 2008 promotion to sergeant, if it is available.

RFPD No. 18: denied.

RFPD No. 21: denied; Defendant represents it already has produced all responsive documents.

RFPD No. 22: denied; Defendant represents it already has provided all existing documents relating to Plaintiff's complaints of harassment.

RFPD No. 39: granted in part; Defendant shall list by Bates number any and all documents it produced in this action that support the affirmative defense that Plaintiff's claims are barred by the doctrine of unclean hands.

RFPD No. 40: granted in part; Defendant shall list by Bates number any and all documents it produced in this action that support the affirmative defense that Plaintiff's claims are barred by waiver and/or estoppel.

RFPD No. 43: granted in part, but only for the years 2005 through 2008.

RFPD No. 46: granted in part; Defendant shall produce any documents responsive to this request, but only for the years 2000 through 2010.

RFPD No. 48: denied; the request is vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

RFPD No. 49: granted in part; Plaintiff shall provide to defense counsel a list of Plaintiff's supervisors or managers (not to exceed 15 names), and Defendant shall provide to Plaintiff any documents constituting proof that those individuals attended training sessions or seminars regarding antidiscrimination, equal employment opportunity, harassment and affirmative action.

RFPD No. 51: denied, to the extent Defendant produces a privilege log listing any documents it withheld on the ground that the documents are privileged. Plaintiff may specifically challenge Defendant's withholding of these documents if he contends that the documents are not privileged.

RFPD No. 52: denied; Defendant represents that it is not in possession, custody or control of any responsive documents.

RFPD No. 67: granted in part; Defendant shall conduct an email search regarding the

3

internal affairs investigation of Plaintiff and produce any responsive documents.

RFPD No. 68: granted in part; Defendant shall conduct an email search regarding the internal affairs investigation of Plaintiff and produce any responsive documents.

RFPD No. 69: granted in part; Defendant shall produce any documents that were in the possession of the affiant at the time he signed the affidavit in support of the search warrant the parties discussed at the hearing.

RFPD Nos. 53, 54, 55, 56, 57, 59, 60, 64: granted in part; Defendant shall conduct an email search regarding all emails that relate or refer to Plaintiff between 2000 and 2010.

**C. Special Interrogatories.**

Interrogatory No. 10: withdrawn by Plaintiff.

Interrogatory No. 11: withdrawn by Plaintiff.

Interrogatory No. 12: granted in part; Defendant shall identify Plaintiff's direct supervisors between 2005 and 2008.

Interrogatory No. 13: withdrawn by Plaintiff.

Interrogatory No. 20: withdrawn by Plaintiff.

Interrogatory No. 21: granted in part.  To the extent any person provided information that was not contained in a document produced to Plaintiff, but which Defendant relied upon in denying the allegations of the operative complaint or in asserting its defenses, Defendant shall identify that person.

Interrogatory No. 22: withdrawn by Plaintiff.

**D. Motion for Attorney's Fees.**

As is evidenced by the court's rulings and the requests Plaintiff withdrew during the March 11, 2014 hearing, Defendant's refusal to produce much of the requested documents and information was substantially justified. Moreover, as the proceedings made clear, the parties should have attempted to confer more thoroughly before seeking relief from the court. Plaintiff's motion for attorney's fees is denied.

**IT IS SO ORDERED**.

Dated: April 2, 2014

_____
NANDOR J. VADAS
United States Magistrate Judge