United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL D. MORSHED,** <br> **Plaintiff,** <br> vs. <br> **COUNTY OF LAKE,** *et al.*, <br> **Defendant.** | **Case No.: 13-CV-521 YGR** <br><br> **ORDER DENYING MOTIONS TO SEAL** <br> **(DKT. NOS. 44-60, 81, 82, 84, 85, 87, 92)** |

Defendant County of Lake ("the County") filed its Administrative Motion to Seal various documents in connection with its Motion for Summary Judgment (Dkt. Nos. 44–60.) Stated in summary form, Defendant seeks to seal portions of: (1) the declarations and exhibits thereto, of Rodney Mitchell, Robert Howe, Cecil Brown, Andrew Davidson; (2) the deposition testimony, and exhibits thereto, of Michael Morshed, Cecil Brown, and Chris Macedo; (3) the Separate Statement of Undisputed Material Facts; and (4) the memorandum of points and authorities. The County submitted a generalized declaration in support of the motions to seal, stating that it had designated all documents and information therein as confidential under the parties' stipulated protective order in accordance with provisions of California law, including California Government Code § 3300 *et seq.* and California Penal Code § 832.7.

In connection with the opposition to the motion, Plaintiff filed seven separate motions to seal (Dkt. Nos. 81, 82, 84, 85, 86, 87, and 92), seeking to seal similar evidence based upon the County's designation of it as confidential personnel records. The County filed a declaration in support of those motions. (Dkt. No. 93.) The County also sought to seal portions of the reply papers. (Dkt. No. 94.)

The County argued that sealing of these documents and the information therein was appropriate because a substantial portion of Plaintiff's claims are premised on personnel decisions

that, due to Plaintiff's status as a peace officer during the time period alleged in the Complaint, are protected from public disclosure under California law. The County contends that the information is subject to the protections of the California Public Safety Officers Procedural Bill of Rights Act (Cal. Govt. Code § 3300 *et seq.*), which limits public dissemination of and access to this kind of information. The County further contends that disclosure of peace officer personnel records is limited by California Penal Code §832.7, which provides that "[p]eace officer … personnel records …, or information obtained from these records, are confidential" and may be disclosed in litigation only under specified procedures, known as "*Pitchess*" procedures, which require a showing of good cause. *See* Cal. Evid. Code, §§ 1043, 1045 codifying *Pitchess v. Superior Court*, 11 Cal. 3d 531 (1974). Further, when peace officer personnel records are ordered disclosed under any circumstance, they "may not be used for any purpose other than [the] court proceeding" in which disclosure is ordered. *See Commission on Peace Officer Standards & Training v. Superior Court,* 42 Cal.4th 278, 289 (2007) ("*POST Commission*").

First, the question here is not whether these documents should be produced or disclosed in this litigation, but whether they can be sealed from the public record despite being offered in connection with a dispositive motion. Thus, the procedures under which such records are disclosed, and the limits on public dissemination outside the litigation context, are not dispositive. So, for example, the holding in the *POST Commission* decision is not on point here because the issue before the California Supreme Court there was whether information could be disclosed in connection with a public records request under the California Public Records Act in a request made by a newspaper to an agency – not in the context of litigation. *POST Commission,* 42 Cal.4th at 289.

In the Ninth Circuit, the controlling authority on the question of sealing is *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). Under Kamakana, a party seeking to seal documents offered in connection with a dispositive motion must establish "compelling reason" to justify such sealing. *Id.* at 1179. In *Kamakana*, the Ninth Circuit held that exemption from disclosure under the Freedom of Information Act for certain kinds of documents, such as police investigation documents, did not establish that those same documents could be sealed without a

2

further showing of compelling reasons.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1185 (9th Cir. 2006).

The facts in *Kamakana* are relevant and analogous here.  Kamakana was a detective in the Honolulu Police Department (HPD)'s Criminal Intelligence Unit (CIU), investigating organized crime.  In September 2000, Kamakana was transferred out of CIU.  The following year, the department's Internal Affairs division initiated criminal and administrative investigations against Kamakana.  Shortly after his transfer in 2000, Kamakana filed a civil rights action against the City and others, alleging that the City violated his free speech rights, conspired to violate his civil rights, and retaliated against him as a whistleblower.  The crux of his claim was that his transfer was in retaliation for his reporting misconduct and illegal acts by other HPD officers to his superiors and the Federal Bureau of Investigation.  The parties filed motions for summary judgment and supporting evidence under seal.  Neither party objected to sealing and the Court granted requests to seal without much analysis.  However, later a local paper intervened to challenge the sealing of the documents in connection with those motions.  The district court then determined that the sealing of many of the documents was not supported by compelling reasons and ordered that they be unsealed.  *Kamakana,* 447 F.3d at 1175-76.

The court held that "the strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Kamakana,* 447 F.3d at 1179.  "Thus, 'compelling reasons' must be shown to seal judicial records attached to a dispositive motion ... even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana,* 447 F.3d at 1179.  The Ninth Circuit stated that:

> [a] review of the record points up the inadequacy of the City's declarations, which largely make conclusory statements about the content of the documents—that they are confidential and that, in general, their production would, amongst other things, hinder CIU's future operations with other agencies, endanger informants' lives, and cast HPD officers in a false light.  These conclusory offerings do not rise to the level of "compelling reasons" sufficiently specific to bar the public access to the documents.

*Kamakana,* 447 F.3d at 1182.

While the Ninth Circuit recognized that sealing might be appropriate absent a showing of "compelling reasons" where the documents at issue were "traditionally kept secret," it also narrowed that exception considerably, as follows:

> Thus far, we have identified two types of documents as "traditionally kept secret": grand jury transcripts and warrant materials during the pre-indictment phase of an investigation. *Id.* Though these documents may roughly fall into the category of law enforcement, they are very specific types of documents that warrant the highest protection. We do not readily add classes of documents to this category simply because such documents are usually or often deemed confidential. Indeed, *even the documents we have identified as "traditionally kept secret" are not sacrosanct. Simply invoking a blanket claim, such as privacy or law enforcement, will not, without more, suffice to exempt a document from the public's right of access*

*Kamakana*, 447 F.3d at 1185 (emphasis supplied).

Here, no compelling reasons are offered. Indeed, all that is offered is a blanket statement that, because the documents and information concern peace officers, they must be kept secret. Thus, no valid justification has been offered for sealing these documents, nor does one appear to the Court. Indeed, the investigations and conduct described in the documents all took place several years ago and do not appear to be the subject of any active civil or criminal proceedings other than these. That these documents might prove embarrassing for either party is simply not a legitimate reason for closing the doors to the courthouse.

The motions to seal the documents filed at Dkt. Nos. 44-60, 81, 82, 84, 85, 86, 87, 92, and 94 are, therefore, **DENIED**. Consistent with Local Rule 79-5(f)(2), within seven days of this Order, the parties shall file a notice withdrawing the documents from the Court's consideration or shall e-file the unredacted versions of the documents submitted under seal in the public record.

**IT IS SO ORDERED.**

Dated: April 29, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

4