UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL D. MORSHED,**<br>    **Plaintiff,**<br>    vs.<br>**COUNTY OF LAKE,**<br>    **Defendant.** | **CASE NO.: 13-cv-521 YGR**<br>**PRETRIAL ORDER NO. 2 RE MOTIONS IN LIMINE** |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

Pending before this Court, in anticipation of the trial in this matter, are a series of in limine motions filed on behalf of plaintiff and defendant, respectively. As set forth in the Pretrial Order No. 1, a motion in limine refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n. 2 (1984). A motion in limine is an "important device for securing a fair trial; it allows the trial court to prevent prejudicing the jury with inflammatory, irrelevant, or potentially inadmissible evidence." 21 Fed. Prac. & Proc. Evid. § 5037.10 (2d ed.) Thus, requests made for such a pre-trial order are reviewed under that rubric.

**A. Plaintiff's Motions in Limine**

  1. **Plaintiff's Motion in Limine No. 1** to exclude evidence not produced during discovery is **DENIED** without prejudice to renew, if necessary, with a more specific articulation of the evidence and/or documents to be excluded from trial. Under the Court's pretrial order, all anticipated exhibits were to be identified and exchanged. Documents not disclosed will not be admitted without further order of this Court. *See* Pretrial Order No. 1. Accordingly, the pre-trial value of motions in limine are not advanced with the vague, wholesale request of Plaintiff's motion.

2. **Plaintiff's Motion in Limine No. 2** to exclude evidence of the demotion for sex on duty is **GRANTED IN PART, AND DENIED IN PART**. Evidence regarding the plaintiff's emotional state during the period in question is relevant to plaintiff's claim for damages. However, the exhaustive and detailed specifics of any particular event becomes less probative as these historical events are merely background to the core allegations to be tried and therefore properly excluded under Federal Rule of Evidence 403. The Court will allow the defendant to offer evidence regarding the existence of the Internal Affairs Investigation No. 2006-0006, the basic allegations, and the results of the investigation. The resulting report itself is not admissible. However, it may be marked and used, if necessary, to assist in the presentation of testimonial evidence. The Court will entertain oral objections to the extent that plaintiff contends specific questions asked may exceed the scope of this Order.

3. **Plaintiff's Motion in Limine No. 3** is **GRANTED**. No claims for wage loss are asserted, and therefore defendant agrees that no evidence of collateral source would be relevant.

4. **Plaintiff's Motion in Limine No. 4** to exclude any and all evidence related to Plaintiff's failure to complain to Sheriff Rodney K. Mitchell is **GRANTED IN PART, AND DENIED IN PART**. Sheriff Mitchell may testify, based upon his personal knowledge, to his observations and interactions with plaintiff, and to the lack thereof. Said differently, Sheriff Mitchell in explaining his interactions may testify to the alleged lack of statements or complaints. Such alleged silence is not hearsay. In response to the motion in limine, defendant proffered that Sheriff Mitchell would testify that plaintiff never complained "to [his] knowledge, anyone at a general County level, or to anyone else." Such testimony as would not be admissible generally and is excluded unless otherwise ordered.

5. **Plaintiff's Motion in Limine No. 5** to exclude evidence that Plaintiff taught his daughter an Iraqi war cry is **DENIED**. Mr. Brian Martin himself may testify as to his own observations while visiting plaintiff's home and to the basis of his understanding

2

that the sounds plaintiff's daughter made were an "Iraqi war cry." Among plaintiff's specific allegations, he testified that the alleged harassment included officers and deputies yelling, weekly or sometimes more often, "lalalalala," (imitating an Arabic ululative cry). Evidence that plaintiff was actively teaching his own daughter the "cry" bears on the level to which such alleged harassment impacted him. Fed. R. Evid. 403.

6. **Plaintiff's Motion in Limine No. 6** to exclude any and all evidence related to plainitff's 2008 performance review is **GRANTED IN PART, AND DENIED IN PART**. Evidence regarding the plaintiff's emotional state during the period in question is relevant to plaintiff's claim for damages. However, the exhaustive and detailed specifics of any particular performance review becomes less probative as these historical events are merely background to the core allegations to be tried and therefore properly excluded under Federal Rule of Evidence 403. The Court will allow the defendant to offer evidence regarding the conclusion that in 2008 plaintiff's performance review resulted in below average marks in the area of field enforcement and delivery and the general basis of said conclusion. However, proffered exhibits documenting the same are not admissible. They may be marked and used, if necessary, to assist in the presentation of testimonial evidence. The Court will entertain oral objections to the extent that plaintiff contends specific questions asked may exceed the scope of this Order. Fed. R. Evid. 403.

7. **Plaintiff's Motion in Limine No. 7** is **DENIED AS MOOT** as the Court has a standing order to exclude all non-party witnesses from the courtroom until their testimony is completed. However, in light of the defendant's opposition, the Court hereby modifies that order to all defendant to designate Sheriff Rodney Mitchell and/or Kathy Ferguson to remain in the courtroom as the defendant's designee.

8. **Plaintiff's Motion in Limine No. 8** will be addressed in a separate order.

9. **Plaintiff's Motion in Limine Nos. 9 and 10** to exclude evidence of all internal affairs investigations is **GRANTED IN PART, AND DENIED IN PART**. Evidence regarding the plaintiff's emotional state during the period in question is relevant to plaintiff's claim

for damages.  However, the exhaustive and detailed specifics of any particular event becomes less probative as these historical events are merely background to the core allegations to be tried and therefore properly excluded under Federal Rule of Evidence 403.  The Court will allow the defendants to offer evidence generally regarding internal affairs investigations including the basic allegations and the results of the investigation.  Any resulting reports or related documents themselves are not admissible.  However, they may be marked and used, if necessary, to assist in the presentation of testimonial evidence.  The Court will entertain oral objections to the extent that plaintiff contends specific questions asked may exceed the scope of this Order.

10. **Plaintiff's Motion in Limine No. 10** as it relates to the criminal investigation and allegations of the theft and copying of R. Wright's arrest report is **GRANTED**.  *See* Defendant's Motion in Limine No. 6.

11. **Plaintiff's Motion in Limine No. 11** to exclude any and all evidence related to Plaintiff's termination for insubordination is **GRANTED**.  Evidence regarding the fact that plaintiff is no longer employed and the timing of the separation will be allowed.  However, given the history between the parties, and the Court's ruling on some of the other motions, the plaintiff's decision not to participate in the last internal investigation (and the resulting automatic termination) adds little probative value to the central dispute.  To allow such evidence would necessary require additional competing evidence for plaintiff's reasons to decline to participate, the totality of which would be to waste time and cause undue delay.  Fed. R. Evid. 403.

12. **Plaintiff's Motion in Limine No. 12** to exclude any and all evidence related to any claims, arguments, or issues foreclosed by summary judgment is **DENIED** as being too vague and ambiguous to warrant a pretrial ruling.

13. **Plaintiff's Motion in Limine No. 13** to exclude any and all evidence related to e-mails sent by Plaintiff containing sexually derogatory and profane language is **DENIED IN PART AND GRANTED IN PART**.  Evidence regarding the extent to which plaintiff might

4

be emotionally effected, and thereby damaged, by inappropriate language is certainly probative given the context of this action. However, whether such emails are independently admissible is questionable and they are excluded until otherwise ordered. Per the motions, these documents bear designations LAKE 00975, 00978, 00979, 00980, 00982. As with other documents, they may be marked and used, if necessary, to assist in the presentation of testimonial evidence. Fed. R. Evid. 403.

B. **Defendant's Motion in Limine**

1. **Defendant's Motion in Limine No. 1** to exclude plaintiff from offering any expert witness testimony is **DENIED AS MOOT** as none is proffered.
2. **Defendant's Motion in Limine No. 2** to exclude any and all evidence, testimony, references to testimony or evidence or argument relating to the "Determination Letter" issued by the Equal Employment Opportunity Commission ("EEOC") as a result of the investigation of the Charge of Discrimination is **DENIED IN PART.** The letter is admissible in the form attached here as Exhibit A, redacted to eliminate references to other complaints not at issue in the trial, and to eliminate the sentence suggesting that this is a determination by EEOC that a violation occurred, rather than a determination that there is *probable cause to believe* that a violation occurred.

Under Ninth Circuit authority in *Plummer*, "a plaintiff has a right to introduce an EEOC probable cause determination in a Title VII lawsuit, regardless of what other claims are asserted, or whether the case is tried before a judge or jury." Failure to admit a probable cause determination is grounds for reversal. *Plummer v. W. Int'l Hotels Co., Inc.*, 656 F.2d 502, 505 (9th Cir. 1981). By contrast, a letter of violation is not per se admissible, since it presents a higher possibility of unfair prejudice. *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1500 (9th Cir. 1986). "[A] letter of violation the EEOC concludes that a violation of the Act has occurred, whereas in a probable cause determination the EEOC determines only that there is probable cause to conclude that a violation of Title VII has occurred…[and] does not suggest to the jury that the EEOC has already determined that there has been a

5

violation…[only] that preliminarily there is reason to believe that a violation has taken place." *Id.; see also Heyne v. Caruso,* 69 F.3d 1475, 1483 (9th Cir. 1995) (EEOC reasonable cause determination are preliminary investigative determinations and are not letters of violation). Here, the EEOC letter says:

> I have determined that the evidence obtained in the investigation ***establishes reasonable cause to believe*** that the [County of Lake] discriminated against [Michael Morshed] and a class of individuals by subjecting them to harassment because of their national origin in violation of Title VII. However, based on the investigation, I am unable to conclude that the Charging Party was denied a promotion because of his national origin, in violation of Title VII. This does not certify that the Respondent is in compliance with the statute. Based on the record as a whole, ***I find the Respondent has engaged in discriminatory acts in violation*** of Title VII.

(MDM01063-MDM01064; Def.'s Mot., Exh. A, emphasis supplied.) The first bolded portion indicates this is a probable cause determination. The second suggests the letter is a finding of violation. The remainder of the letter is either neutral with respect to the issue or indicates that the letter is a probable cause determination. The probable cause determination is per se admissible under *Plummer*. The sentence suggesting a finding of violation stands alone, without any findings of fact or law stated in support of it. Including the unsupported statement as part of the letter has a potential for confusing the jury and usurping their role as fact finders. Thus, the Court finds that the sentence containing this phrase should be redacted from the exhibit. It is otherwise admitted.

3. **Defendant's Motion in Limine No. 3** to exclude nine (9) potential witnesses and the video clip disclosed one business day after the close of discovery is **DENIED** on that ground as there was no showing of prejudice or any effort made by the defendant after the December 2013 close of discovery to challenge or otherwise rectify any perceived prejudice. However, with respect to the video clip, the motion is granted as no independent evidentiary basis exists to support its admission into evidence.

4. **Defendant's Motion in Limine No. 4** to exclude any and all evidence relating to an editorial opinion letter written by Sheriff Rodney Mitchell and published in the Lake

County News on June 6, 2010 is **GRANTED**. The campaign dispute between Sheriff Mitchell and Francisco Rivero is, at best, only tenuously connected to the instant dispute. However, the Court will entertain a request to revisit the issue if appropriate for impeachment. Fed. R. Evid. 403.

5. **Defendant's Motion in Limine No. 5** to exclude evidence of unproven allegations of racial profiling against the Lake County Sheriff Department, including the related video clip is **GRANTED**. The Court will not have a trial within a trial regarding allegations of conduct related, at best, distantly to the instant case. Fed. R. Evid. 403.

6. **Defendant's Motion in Limine No. 6** to exclude evidence that plaintiff did not copy the crime report and for an adverse instruction based on spoliation is **DENIED**. The Court will not have a trial within a trial regarding the unproven allegations which do not bear significantly on the case at hand. To do so would require additional testimony, potentially expert, and result in undue delay and a waste of time. Fed. R. Evid. 403.

7. **Defendant's Motion in Limine No. 7** to exclude evidence of anonymous blog posting is **GRANTED**. No evidentiary basis exists to support such anonymous postings. Further, the proffer that they would be admissible "for the purpose of showing their effect on Plaintiff," is unavailing. Given that the posts are anonymous, any effect is irrelevant because it cannot be connected to any conduct on the part of defendant. The documents at issue bear designations MDM 130-169, 175-178, 254-270, 284-365, 366-447, 448-469, 470-503, 1331-1335, 1410-1413, 1416-141432, 6604-7748, 7497-7500 and 7510-7513. Fed. R. Evid. 802, 901.

This terminates Dockets 118-124, 126-134, and 136-138.

**IT IS SO ORDERED.**

May 31, 2014

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

# EXHIBIT 'A'



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
San Francisco District Office

350 The Embarcadero, Suite 500
San Francisco, CA 94105
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
San Francisco Status Line: (866) 408-8075
San Francisco Direct Dial: (415) 625-5602
TTY (415) 625-5610
FAX (415) 625-5609

EEOC Charge Number 550-2009-01824

Mike Morshed
10336 Loch Lomond Road #153
Middletown, CA 95461

Charging Party

County of Lake
1220 Martin Street
Lakeport, CA 95453

Respondent

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). All jurisdictional requirements have been met.

The Respondent is an employer within the meaning of Title VII and all other requirements for coverage have been met.

The Charging Party alleges that he was subjected to harassment ██████████ ██████████ because of his national origin, Iranian, in violation of Title VII.

The Respondent denies the discrimination. The Respondent contends that the Charging Party never complained of discrimination ██████████



I have determined that the evidence obtained in the investigation establishes reasonable cause to believe that the Respondent discriminated against the Charging Party and a class of individuals by subjecting them to harassment because of their national origin, in violation of Title VII.

EEOC000067
MDM00570

<u>Determination</u>
EEOC Charge No.: 550-2009-01824
Page 2

Section 706(b) of Title VII of the Civil Rights Act of 1964, as amended, requires that if the Commission determines that there is reasonable cause to believe that the charge is true, it shall endeavor to eliminate the alleged unlawful employment practice by informal methods of conference, conciliation and persuasion. Having determined that there is reasonable cause to believe that the charge is true, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter.

Disclosure of information obtained by the Commission during the conciliation process will be made in accordance with Section 706(b) of Title VII and Section 1601.26 of the Commission's Procedural Regulations. Where the Respondent declines to enter into settlement discussions, or when the Commission's representative for any other reason, is unable to secure a settlement acceptable to the District Director, the Director shall so inform the parties in writing and advise them of the court enforcement alternative available to the Charging Party and the Commission.

You are reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibits. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission,

3-21-12
Date

Michael Baldonado
District Director

EEOC000068
MDM00571